**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

RUPAL AMIN — CIVIL ACTION

VERSUS — 17-56-SDD-EWD

KYROS ENERGY, LLC AND
STAN CONLEY

## RULING

This matter is before the Court on the *Motion to Dismiss*[1] filed by Defendant Kyros Energy LLC ("Kyros"). Plaintiff Rupal Amin ("Plaintiff") has filed an *Opposition*[2] to this motion. For the reasons which follow, the Court finds that it has personal jurisdiction over Kyros, and the motion will be denied.

## I. FACTUAL & PROCEDURAL BACKGROUND

Plaintiff, a resident of East Baton Rouge Parish, State of Louisiana, along with his business partner Roy Lindsey ("Lindsey"), are members of The Molecular Group, LLC, ("The Molecular Group") a Louisiana limited liability company.[3] Plaintiff contends that, in July 2015, Stan Conley ("Conley"), President and CEO of Kyros, sent correspondence to The Molecular Group, directed to Lindsey, seeking investors for a government contract in

---

[1] Rec. Doc. No. 6.
[2] Rec. Doc. No. 18.
[3] Rec. Doc. No. 18-1.

39621

Africa.[4] This correspondence allegedly included business records intended to entice investors.[5] Based on this correspondence, Plaintiff, Lindsey, and Conley (on behalf of Kyros) began negotiating terms involving The Molecular Group loaning funds to Kyros.

These negotiations resulted in a proposed Promissory Note[6] by Kyros and Personal Guarantee by Conley, which was rejected by Plaintiff. In response, Plaintiff presented a Promissory Note to Conley which changed the choice-of-law provisions from the State of Maryland to Louisiana, and, in his Personal Guarantee, Conely agreed to include language providing that he would submit to the jurisdiction of the State of Louisiana and the United States District Court Middle District of Louisiana for purposes of any legal action arising out of the guarantee.[7] Thereafter, the Promissory Note and Personal Guarantee were executed by Conley, individually and on behalf of Kyros.[8]

In keeping with the agreement, Plaintiff issued payments to Kyros on July 16 and 17, 2015, totaling $20,000.00, which Kyros accepted.[9] Plaintiff contends repayment on the Note was due on November 1, 2015. Further, Plaintiff maintains that, after the Promissory Note was executed, Plaintiff's counsel and counsel for Kyros were in constant communication.[10] Plaintiff further contends Kyros continued to keep Plaintiff informed regarding the status of its business activities and plans for repayment;[11] however, no

[4] Rec. Doc. No. 18-2.
[5] Rec. Doc. No. 18-3.
[6] Rec. Doc. No. 18-4.
[7] Rec. Doc. No. 18-5.
[8] *Id.*
[9] Rec. Doc. No. 18-6.
[10] Rec. Doc. No. 18-7.
[11] *Id.*

payment was ever made by Kyros. Plaintiff provides correspondence wherein Kyros acknowledges that the debt is overdue and attempts to negotiate a new re-payment plan, but this re-negotiation was refused by Plaintiff.[12] Plaintiff also claims that, upon information and belief, Kyros reached out to other Louisiana residents seeking investors.[13]

Plaintiff filed this action in state court on November 15, 2016, and Defendants Kyros and Conley removed the matter to this Court on January 27, 2017.[14] Kyros is a Maryland limited liability company, organized under the laws of Maryland, and it contends it has never conducted business in the State of Louisiana and has no other contacts in Louisiana.[15] Conley declared that Kyros does not have a registered agent for service of process in Louisiana; has never registered to do business in Louisiana; has no officers, directors, employees, and/or agents located in Louisiana; and maintains no residence or place of business in Louisiana.[16] Further, Conley declared that Kyros has no property or physical presence in the State of Louisiana; neither has it ever solicited business in Louisiana or to Louisiana residents.[17] As such, Kyros moves to dismiss this action against it on the basis that this Court lacks personal jurisdiction over it because Kyros has insufficient minimum contacts with the State of Louisiana to satisfy due process requirements. Plaintiff opposes the motion.

---

[12] Rec. Doc. No. 18-7, p. 14.
[13] Rec. Doc. No. 18-1.
[14] Rec. Doc. Nos. 1 & 2.
[15] Rec. Doc. No. 6-2.
[16] *Id.*
[17] *Id.*

## II. LAW

### A. General Personal Jurisdiction

When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the court's jurisdiction over the nonresident.[18] When a district court rules on a motion to dismiss without an evidentiary hearing, the plaintiff need only present a *prima facie* case of personal jurisdiction.[19] At this stage, uncontroverted allegations in the complaint must be taken as true, and conflicts between the parties' affidavits must be resolved in the plaintiff's favor.[20]

To aid resolution of the jurisdictional issue, a court "may receive interrogatories, depositions or any combination of the recognized methods of discovery ... But even if the court receives discovery materials, unless there is a full and fair hearing, it should not act as a fact finder and must construe all disputed facts in the plaintiff's favor and consider them along with the undisputed facts."[21] "Once a plaintiff has established minimum contacts, the burden shifts to the defendant to show that the assertion of jurisdiction would be unfair."[22]

"A federal district court has personal jurisdiction over a nonresident defendant to

---

[18] *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir.1985); *Brown v. Flowers Indus., Inc*., 688 F.2d 328, 332 (5th Cir.1982), *cert. den*., 450 U.S. 1023, 103 S.Ct. 1275, 75 L.Ed.2d 496 (1983).
[19] *Trinity Indus., Inc. v. Myers & Assoc., Ltd*., 41 F.3d 229, 230–31 (5th Cir.1995) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472–73 [1985], and *Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773 (5th Cir.1986), *cert. den*., 481 U.S. 1015 (1987).
[20] *D.J. Inv., Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc*., 754 F.2d 542, 546 (5th Cir.1985).
[21] *Walk Haydel & Assoc., Inc. v. Coastal Power Prod. Co*., 517 F.3d 235, 241 (5th Cir. 2008) (holding that a district court erred in requiring a plaintiff to establish more than a prima facie case even after a limited pretrial evidentiary hearing) (internal citations and quotations omitted).
[22] *Id*. at 245 (quoting *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 215 (5th Cir.1999)).

the same extent as a state court in the state in which the district court is located."[23] Thus, personal jurisdiction over a nonresident defendant attaches only when a defendant is amenable to service of process under the forum state's long-arm statute and the exercise of jurisdiction comports with the due process clause of the fourteenth amendment. In this case, these two queries merge into one because Louisiana's long-arm statute extends jurisdiction coextensively with the limits of the Due Process Clause of the U.S. Constitution.[24]

Where a defendant has "continuous and systematic general business contacts" with the forum state, the court may exercise "general jurisdiction" over any action brought against the defendant.[25] Where contacts are less pervasive, a court may still exercise "specific" jurisdiction "in a suit arising out of or related to the defendant's contacts with the forum."[26]

**B. Specific Jurisdiction**

The constitutional requirements for specific jurisdiction may be satisfied by showing that the defendant has sufficient "minimum contacts" with the forum state such that imposing a judgment would not "offend traditional notions of fair play and substantial justice."[27] The Fifth Circuit follows a three-step analysis for this determination. First, a court must determine "whether the defendant has minimum contacts with the forum state,

---

[23] *Walk Haydel*, 517 F.3d at 242.
[24] *Moncrief Oil Int'l, Inc. v. OAO Gazprom*, 481 F.3d 309, 311 (5th Cir. 2007); *St. Martin & Mahoney v. Patton*, 863 F.Supp. 311, 313–14 (E.D.La.1994).
[25] *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984).
[26] *Id.* at 414; *Luv N' care, Ltd., v. Insta–Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006).
[27] *Luv N' care*, 438 F.3d at 469 (quoting *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945)).

*i.e*., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there."[28]

This "minimum contacts"/"purposeful availment" inquiry is fact intensive. No one element is decisive, and the number of contacts with the forum state is not, by itself, determinative.[29] A single, substantial act directed toward the forum can support specific jurisdiction,[30] but even multiple contacts, if "[r]andom, fortuitous, or attenuated ... are not sufficient to establish jurisdiction."[31] What is significant is whether the contacts suggest that the nonresident defendant purposefully availed himself of the privileges or benefits of the laws of the forum state.[32]

Second, a court considers "whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts."[33] At this step, the proper focus in the analysis is on the "relationship among the defendant, the forum, and the litigation."[34] This is a claim-specific inquiry, as "the Due Process Clause prohibits the exercise of jurisdiction over any claim that does not arise out of or result from the defendant's forum contacts."[35]

---

[28] *Nuovo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 378 (5th Cir. 2002); *see also Hanson v. Denckla*, 357 U.S. 235, 250–251 (1958).
[29] *Luv N' care*, 438 F.3d at 470.
[30] *See ASARCO, Inc. v. Glenara, Ltd*., 912 F.2d 784, 786 (5th Cir.1990).
[31] *Moncrief Oil*, 481 F.3d at 312 (citing *Burger King*, 471 U.S. at 479 (1985)).
[32] *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980) (citing *Hanson* 357 U.S. at 251, 254); *Hydrokinetics, Inc. v. Alaska Mech., Inc*., 700 F.2d 1026, 1028 (5th Cir.1983), *cert. den*., 466 U.S. 962 (1984).
[33] *Nuovo Pignone*, 310 F.3d at 378.
[34] *Stroman Realty, Inc. v. Wercinski*, 513 F.3d 476, 487 (5th Cir. 2008).
[35] *Conwill v. Greenberg Traurig, L.L.P., et al*., No. 09-4365, 2009 WL 5178310 at *3 (E.D.La. Dec. 22, 2009) (quoting *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 274–75 (5th Cir. 2006)).

Finally, "[i]f the plaintiff successfully satisfies the first two prongs, the burden shifts to the defendant to defeat jurisdiction by showing that its exercise of jurisdiction would be unfair or unreasonable."[36] In this inquiry, a court analyzes five factors: "(1) the burden on the nonresident defendant, (2) the forum state's interests, (3) the plaintiff's interest in securing relief, (4) the interest of the interstate judicial system in the efficient administration of justice, and (5) the shared interest of the several states in furthering fundamental social policies."[37] "It is rare to say the assertion [of jurisdiction] is unfair after minimum contacts have been shown."[38]

**C. Minimum Contacts**

Personal jurisdiction may not be avoided merely because a defendant did not physically enter the forum state. Although territorial presence frequently will enhance a potential defendant's affiliation with a state and reinforce the reasonable foreseeability of suit there, it is an inescapable fact of modern commercial life that a substantial amount of business is transacted solely by mail and wire communication across state lines, thus obviating the need for physical presence within a state in which business is conducted. As long as a commercial actor's efforts are "purposefully directed" toward residents of the state in question, courts have consistently rejected the notion that an absence of physical contacts can defeat personal jurisdiction there.[39]

---

[36] *Seiferth*, 472 F.3d at 271 (citing *Burger King*, 471 U.S. at 382).
[37] *Luv N' care*, 438 F.3d at 473; *see also, Burger King Corp*., 471 U.S. at 476–77 (listing 7 factors).
[38] *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 615 (5th Cir. 2008)(citing *Wein Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 215 (5th Cir.1999)).
[39] *Burger King*, 471 U.S. at 476–77.

Even so, "merely contracting with a resident of the forum state does not establish minimum contacts."[40] "A contract is ordinarily but an intermediate step serving to tie up prior business negotiations with future consequences which themselves are the real object of the business transaction. It is these factors—prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing—that must be evaluated in determining whether the defendant purposefully established minimum contacts within the forum."[41]

Although a single act, such as a telephone call or mailing a letter, can be sufficient to establish minimum contacts, precedent is clear that communications alone are insufficient when "the communications with the forum did not actually give rise to [the] cause of action."[42] Rather, when communications relating to conducting business are the only contacts, courts generally require some type of "continuing obligations" between the defendant and residents of the forum, such as is found in an ongoing business relationship, to find that the defendant availed himself of the privilege of conducting business in the forum. Only then, "because his activities are shielded by 'the benefits and protections' of the forum's laws, it is presumptively not unreasonable to require him to submit to the burdens of litigation in that forum as well."[43]

On the other hand, for claims of intentional tort, "[a] single act by a defendant can

---

[40] *Moncrief Oil*, 481 F.3d at 311.
[41] *Burger King*, 471 U.S. at 479 (internal citations omitted).
[42] *Wein Air*, 195 F.3d at 213; *Aviles v. Kunkle*, 978 F.2d 201, 205 (5th Cir.1992).
[43] *Burger King*, 471 U.S. at 476.

be enough to confer personal jurisdiction if that act gives rise to the claim being asserted."[44] "When the actual content of communications with a forum gives rise to intentional tort causes of action, this alone constitutes purposeful availment."[45]

## III. ANALYSIS

Applying the specific jurisdiction test to the facts alleged by Plaintiff, which must be accepted by the Court as true for purposes of this motion, the Court finds that there are multiple grounds by which Kyros has sufficient contacts with the State of Louisiana to subject him to this Court's jurisdiction. The record demonstrates that Conley acted as President and CEO on behalf of Kyros. Further, all of Kyros' contacts with The Molecular Group were relating to the solicitation of investments and resulting Promissory Note and Personal Guarantee that forms the basis of this lawsuit. Through its agent, Kyros solicited investors from the State of Louisiana, entered into a Promissory Note with a Louisiana resident, and, as the record reflects, subsequently corresponded on numerous occasions with Louisiana residents in efforts to manage and re-negotiate this transaction. Notably, Kyros also agreed to a change in the choice-of-law provision from Maryland to Louisiana, and the record reflects that Conley, on behalf of Kyros, explicitly agreed to the jurisdiction of this very Court over any litigation resulting from the Promissory Note and Personal Guarantee. The Court finds that Plaintiff's allegations are sufficient to establish that

---

[44] *Lewis v. Fresne*, 252 F.3d 352, 358 (5th Cir. 2001) (citing *Brown v. Flowers Indus*., 688 F.2d 328, 332–33 (5th Cir.1984)(holding that one long distance telephone call alleged to constitute defamation was enough to establish minimum contacts)).

[45] *Wein Air*, 195 F.3d at 213 (5th Cir.1999); *see also, Ross*, 246 Fed.Appx. 856, 859–60 (5th Cir. 2007)(deeming allegations that out of state counsel communicated false information to client in Texas alone sufficient to make prima facie case of specific personal jurisdiction).

Kyros' contacts with Louisiana residents may have resulted in harm to Louisiana residents. Further, the Court finds that the alleged harm was foreseeable as the nonpayment to a Louisiana resident on a valid Promissory Note clearly causes harm.

The facts of this case are not unlike those in *Central Progressive Bank v. Kuntz*,[46] decided by the District Court for the Eastern District of Louisiana, a case in which Ohio resident defendants executed a promissory note in favor of a Louisiana banking institution. When the defendants defaulted on the note, the bank filed suit in Louisiana state court, and the suit was removed to federal court.[47] The Ohio defendants moved to dismiss for lack of personal jurisdiction for many of the same arguments asserted herein by Kyros. The court rejected these arguments, finding as follows:

> This Court has previously addressed the issue of personal jurisdiction in cases similar to the present case. In *Consolidated Companies, Inc. v. Kern*, No. 99–2704, 2000 WL 1036186 (E.D.La. July, 25, 2000) (Fallon, J.), the Court found that there were minimum contacts with Louisiana established when a non-resident defendant voluntarily executed a Guaranty in favor of a Louisiana entity to induce the Louisiana entity to provide credit. *Id.* at *9–10. Similarly, in *Asean Homes, Inc. v. Miller*, No. 99–294, 1999 WL 1102427 (E.D.La. Dec. 3, 1999) (Clement, J.), this Court found that personal jurisdiction could properly be exercised over a non-resident defendant when that defendant had sought out a loan from a Louisiana entity, entered into an agreement to borrow money from a Louisiana entity, the parties had a continuing business relationship, money transferred from Louisiana to the defendant, the agreements were executed in part in Louisiana, and the Guaranty contained a Louisiana choice of law provision. *Id*. at *3. In *Asean Homes*, the defendant specifically argued that there could be no jurisdiction in Louisiana because all but one of the promissory notes were executed outside Louisiana and payment was to be made outside Louisiana. *Id*. The court found this arguments of no moment and instead recognized that "[t]he relevant conduct at issue ... is [defendant's] solicitation of a loan agreement

---

[46] No. 08-4147, 2008 WL 5264260 (E.D. La. Dec. 17, 2008).
[47] *Id.* at *1.

from plaintiff and his actions in signing promissory notes for loans issued by a Louisiana corporation through a Louisiana bank. As to the promissory notes signed elsewhere, the fact that a contract was not executed or finalized in Louisiana is not controlling, nor is it dispositive of the issue of personal jurisdiction." *Id.*[48]

A review of CPB's allegations demonstrates that the requisite minimum contacts are present, similar to the cases discussed above, to satisfy the requirements of specific jurisdiction. The defendants in this case personally solicited CPB, a Louisiana financial lending institution, to lend them money for their business. In connection with the loan, the defendants negotiated and executed a Business Loan Agreement, a Promissory Note, numerous Change in Terms Agreements, and the Commercial Guaranties in favor of CPB, a Louisiana entity. Although these documents were signed outside of Louisiana they were all delivered to CPB in Louisiana. In addition, all payments on these agreements and the Commercial Guaranties that are the subject of this suit were to be made to CPB in Louisiana. The defendants voluntarily sought to engage in business with a Louisiana entity for the purpose of securing funds from that Louisiana entity. They signed loan documents that were prepared by CPB and its lawyers and that are governed by Louisiana law. The Commercial Guaranties that are the subject of this lawsuit created an ongoing relationship between the defendants and CPB, a Louisiana entity. As a result of these facts, the Court finds that the defendants have sufficient minimum contacts with Louisiana, which contacts specifically relate to the instant cause of action.[49]

The analysis set forth above by the court in *Central Progressive* is directly applicable to the facts in the case before the Court. Moreover, while Kyros has completely ignored the fact that it consented to the jurisdiction of this Court in the choice-of-law provision of the Promissory Note, Louisiana federal courts take such choice of law provisions seriously for purposes of determining jurisdiction. In *Reliant Management Group, LLC v. UltraCare Healthcare, LLC*,[50] a defendant challenging the personal

---

[48] *Id.* at *3.
[49] *Id.* at *4.
[50] No. 13-250, 2013 WL 3864321 (M.D. La. July 24, 2013).

jurisdiction of this Court argued that the forum selection clause in the contract at issue was unreasonable.[51] Unpersuaded by this argument, the Court reasoned:

> Further, enforcement of the Facility Defendants' forum selection clauses would not be unreasonable in this case. The Facility Defendants are not unsophisticated consumers. The Facility Defendants are sophisticated commercial business entities who are owned and managed by principals who boast of similar business dealings in several states. The Facility Defendants entered into potentially lucrative contracts with a Louisiana company, and during the contract negotiation process they agreed to submit to the jurisdiction of a Louisiana court. It was therefore wholly foreseeable to these entities that they might have to defend a lawsuit in this state should one be filed. No equities in this case militate in favor of forcing the Louisiana plaintiff to forfeit its contractually-bargained-for choice of forum in order to sue the Facility Defendants in a forum that they now consider more convenient than the one that they bargained for.[52]

While Kyros has failed to acknowledge the forum selection clause, much less challenge its reasonableness, the Court finds that the facts of this case require the same result as set forth in *Reliant.* There is no suggestion that Kyros is not a sophisticated business entity; indeed, the record demonstrates the opposite. Moreover, Kyros should have foreseen the potential for this Court's jurisdiction when Plaintiff specifically rejected the Maryland choice of law provision in the originally proposed Promissory Note and agreed, through Conley, to the Louisiana choice of law provision in the executed Note. The Court finds that Plaintiff has established a *prima facie* case for jurisdiction.

Having established a *prima facie* case for jurisdiction, the burden shifted to Kyros to demonstrate how this Court's exercise of jurisdiction over it would be unfair or

[51] *Id.* at *2.
[52] *Id.* at *4.

unreasonable. Kyros did not address this issue or provide any argument or evidence to the Court establishing that its defense of this lawsuit in this Court would be unfair or unreasonable. Kyros apparently rests its entire motion on the facts that it is a Maryland resident. This is wholly insufficient to defeat Plaintiff's assertion of personal jurisdiction. Hence, upon consideration of the fairness factors discussed above,[53] the Court finds that the balance of those factors overwhelmingly favors a finding of jurisdiction. Kyros has not shown how this Court's exercise of jurisdiction over it would be burdensome; the State of Louisiana's interests in protecting its citizens is present as is the Plaintiff's interest in securing relief; and the interests of justice and the effective administration of justice among the States is served by the exercise of jurisdiction in this matter. Further, the Court finds that imposing jurisdiction over Kyros under the facts of this case would not offend traditional notions of fair play and substantial justice but would, rather, serve the interests of justice.

---

[53] *See* n. 30, *supra.* (In this inquiry, a court analyzes five factors: "(1) the burden on the nonresident defendant, (2) the forum state's interests, (3) the plaintiff's interest in securing relief, (4) the interest of the interstate judicial system in the efficient administration of justice, and (5) the shared interest of the several states in furthering fundamental social policies.").

## IV. CONCLUSION

For the reasons set forth above, the *Motion to Dismiss*[54] filed by Defendant Kyros Energy LLC for lack of personal jurisdiction is DENIED.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on June 22, 2017.

Shelly D. Dick

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[54] Rec. Doc. No. 6.

39621