**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| RUPAL AMIN | CIVIL ACTION |
| VERSUS | 17-56-SDD-EWD |
| KYROS ENERGY, LLC AND STAN CONLEY | |

**RULING**

This matter is before the Court on the *Motion for Summary Judgment*[1] filed by Plaintiff, Rupal Amin ("Plaintiff"). Defendants, Kyros Energy LLC ("Kyros") and Stan Conley ("Conley"), filed an *Opposition*[2] and Plaintiff has replied[3]. For the reasons which follow, the Court shall GRANT the Motion.

**I.    FACTUAL & PROCEDURAL BACKGROUND**

The factual allegations and the posture of the matter is set forth in the Court's *Ruling*[4] on the Defendant's *Motion to Dismiss for Lack of Personal Jurisdiction*[5] and are incorporated herein by reference.

**II.   LAW AND ANALYSIS**

    **A. Summary Judgment Standard**

Summary judgment is appropriate when the pleadings, the discovery, and any

---

[1] Rec. Doc. No. 26.
[2] Rec. Doc. No. 31.
[3] Rec. Doc. No. 34.
[4] Rec. Doc. No. 22.
[5] Rec. Doc. 6.

44369

affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[6] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations" are insufficient to either support or defeat a motion for summary judgment.[7] The nonmoving party may not rely merely on the pleadings but rather identify specific facts in the record and precisely articulate how the evidence establishes a genuine issue for trial.[8] Thus, a genuine issue of material fact is not satisfied by merely creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence."[9]

### B. Analysis

This matter invokes the diversity jurisdiction of the Court. State substantive law applies. It is firmly established that suits on promissory notes are suitable for disposition summary judgment.[10] Under Louisiana law, in a suit for collection of a promissory note, the plaintiff establishes a *prima facie* case by (1) establishing that the defendant executed the note and (2) by producing the note.[11] Once the note is produced, the burden shifts to the defendant to establish any affirmative defenses.[12]

In the instant case, Amin has produced the Promissory Note and Personal

---

[6] Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[7] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).
[8] *See Celotex*, 477 U.S. at 325; *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).
[9] *Little*, 37 F.3d at 1075
[10] *See Federal Deposit Ins. Corp. v. Cardinal Oil Well Servicing Co., Inc.*, 837 F.2d 1369, 1371 (5th Cir. 1988) ("Typically, suits on promissory notes provide fit grist for the summary judgment mill.").
[11] *See Am. Bank v. Saxena*, 553 So.2d 836, 842 (La. 1989)
[12] *Id.*; *Bank of America, N.A. v. World of Smiles,* No. CV 16-2874, 2017 WL 750400, at *6 (E.D. La. Feb. 27, 2017).

Guaranty.[13] In their opposition, the Defendants, Kryos and Conley acknowledge the execution of the note and personal guaranty, concede the payment obligation evidenced by these documents, and concede that there is an outstanding balance due under the terms of the note.[14]

Having come forward with evidence of the Note and Guaranty, the burden shifts to the nonmoving party to establish the nonexistence, extinguishment, or variance in the payment of the obligation.[15] Bare recitals and assertions of defenses without factual evidence or argument offered in support will not defeat summary judgment.[16]

Kyros and Conley maintain that there are genuine issues of material fact regarding the amount of the outstanding balance, but they do not assert any facts or point to any evidence to contest the amount due. Kyros and Conley claim: (1) unconscionable and unreasonable terms as provided in the Promissory Note, (2) to have proposed a reasonable alternative payment plan, and (3) to have provided Amin with reassurances and information of their intent to repay the investment, the funding process is underway, and that payment would be forthcoming. However, Kyros and Conley's assertions do not tend to prove or disprove a material fact for a breach of contract claim. Defendants urge the Court to deny Summary Judgment to allow time for discovery. The Court treats this as request for relief under Rule 56(e) of the Federal Rules of Civil Procedure.

In *Washington v. Allstate*, the Fifth Circuit affirmed the district court granting summary judgment for a breach of contract claim prior to discovery. The court held that Rule 56 does not require that any discovery take place before summary judgment can be

---

[13] Rec. Doc. 1-2, p. 4-5.
[14] Rec. Doc. 31, p. 1-2.
[15] *Dugas v. Modular Quarters, Inc.*, 561 So. 2d 192, 200 (La. Ct. App. 1990).
[16] *Bank of America*, 2017 WL 750400, at *7.

granted if the party opposing the motion cannot demonstrate a likelihood of adequately defending the motion.[17]

Rule 56(f) provides:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Defendants fail to point to facts which they seek to discover which are "essential to justify opposition".[18] Summary judgment prior to discovery is appropriate where, as here, the record discloses there are no genuine issues as to any material fact and the moving party is entitled to a judgment as a matter of law.[19] The court in *Washington* assumed that the nonmovant's request for discovery in a supplemental memorandum constituted a request for a Rule 56(f) continuance.[20] However, the court reiterated that this rule "may not be invoked by the mere assertion that discovery is incomplete; the opposing party must demonstrate how the additional time will enable him to rebut the movant's allegations of no genuine issue of fact."[21]

In the matter before the Court, Plaintiff has established a *prima facie* case of an obligation to pay as evidenced in the Promissory Note and Guaranty. The Defendants fail to articulate any genuine issue of material fact. The Defendants have not come forward with any factual basis for a defense; nor have they explained, with specificity, which facts they hope to produce through reasonable discovery that would overcome the motion for

---

[17] *Washington v. Allstate Ins. Co.*, 901 F.2d 1281 (5th Cir. 1990).
[18] FRCP, Rule 56
[19] *Id.* at 1286.
[20] *Id.* at 1285-86.
[21] *Id.* at 1286.

summary judgment. Defendants fail to demonstrate that prolonging litigation while the Defendants commence a lengthy discovery would produce evidence that is likely to result in a different outcome. Accordingly, the Plaintiff's *Motion for Summary Judgment*[22] is hereby GRANTED. The Plaintiff shall submit a proposed Order in conformance with the Court's *Ruling*.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on March 5, 2018.

*Shelly D. Dick*

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[22] Rec. Doc. 26.

44369